IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ORLANDO BETHEL,** *et al.***,** ) |  |
| ) |  |
| **Plaintiffs,** ) |  |
| ) |  |
| v. ) | **CIVIL ACTION 04-0171-WS-D** |
| ) |  |
| **CLEAR CHANNEL** ) |  |
| **COMMUNICATIONS,** *et al.***,** ) |  |
| ) |  |
| **Defendants.** ) |  |

**ORDER**

This matter is before the Court on plaintiffs' *pro se* pleading styled "Motion or Notice to Appeal Judge William Steele' (Who Still Refuses Stare Decisis) Arbitrary Order which Attempts to 'Strike' or Dismiss their Complaint Request for Removal of Judge Based on Bias and Prejudiced 28 USC 144" (doc. 32).

This action was dismissed without prejudice back on July 20, 2004 based on plaintiffs' failure to plead any basis for federal subject matter jurisdiction. After 28 months of silence, plaintiffs filed a Second Amended Complaint in this long-closed action. On November 1, 2006, the undersigned entered an Order (doc. 31) striking the Second Amended Complaint as procedurally improper, inasmuch as Civil Action 04-0171-WS-D is closed, and cannot be reopened by the filing of a putative amended pleading more than two years after the fact. Moreover, the Second Amended Complaint ran afoul of the July 20, 2004 Order, which authorized plaintiffs to refile this action, not to amend their pleadings. *See* July 20, 2004 Order, at 7-8 ("Plaintiffs ***may refile this action*** if they plead the existence of appropriate jurisdictional facts ... and if their claims satisfy the appropriate statute(s) of limitations.") (emphasis added).

In their latest Motion, plaintiffs seek recusal of the undersigned based on the November 1, 2006 Order, which they characterize as an arbitrary attempt "to ban the Plaintiffs from pursuing and prosecuting their Complaint" by erecting limitations and filing fee obstacles. The November 1 Order did no such thing. Indeed, the Order dismissing this case without prejudice

made clear that if plaintiffs wished to pursue these claims against these defendants, they would need to "refile this action," not simply file an amended complaint.[1]  Plaintiffs clearly understood the import of this instruction, as they attached summonses to their Second Amended Complaint for defendants that had already appeared in this action in 2004, reflecting plaintiffs' understanding that they would need to begin anew, rather than piggybacking on an old, long-closed civil action.  Moreover, whatever statute of limitations problems plaintiffs may have exist independently of whether this action is couched as an amended complaint or a newly filed complaint.  *See, e.g., Bost v. Federal Express Corp.*, 372 F.3d 1233, 1242 (11th Cir. 2004) ("Dismissal of a complaint, without prejudice, does not allow a later complaint to be filed outside the statute of limitations."); *Justice v. United States*, 6 F.3d 1474, 1478-79 (11th Cir. 1993) (recognizing general rule that "filing of a lawsuit which later is dismissed without prejudice does not automatically toll the statute of limitations").

In any event, plaintiffs' Motion seeks the recusal of the undersigned pursuant to 28 U.S.C. § 144.  The law of this Circuit is clear that "[t]o warrant recusal under § 144, the moving party must allege facts that would convince a reasonable person that bias actually exists." *Christo v. Padgett*, 223 F.3d 1324, 1333 (11th Cir. 2000).  A motion for disqualification under § 144 "must demonstrate that the alleged bias is personal as opposed to judicial in nature. ... The alleged bias must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case.  Thus, a motion for disqualification may not ordinarily be based on the judge's rulings in the same case." *United States v. Meester*, 762 F.2d 867, 884 (11th Cir. 1985) (citations omitted); *see also Loranger v. Stierheim*, 10 F.3d 776, 780 (11th Cir. 1994) ("as a general rule, a judge's rulings in the same case are not valid grounds for recusal").  Mere adverse rulings do not constitute the sort of

---

[1]  Of course, no amended complaint could have been filed without leave of court, given that plaintiffs had previously amended their complaint once as of right.  *See* Rule 15(a), Fed.R.Civ.P.  ("A party may amend the party's pleading once as a matter of course .... Otherwise a party may amend the party's pleading only by leave of court ....").  Thus, even had the Court not specifically directed plaintiffs to refile their action if they wished to proceed with their claims against these defendants, striking the Second Amended Complaint would remain warranted because plaintiffs filed it without first obtaining leave of court, in contravention of Rule 15(a).

pervasive bias that necessitates recusal. *Loranger*, 10 F.3d at 781. Careful review of plaintiffs' Motion reveals that they seek recusal merely because they are unhappy with the November 1 Order. Such a showing falls well short of the necessary threshold for recusal or disqualification of the undersigned District Judge. *See Draper v. Reynolds*, 369 F.3d 1270, 1281-82 (11th Cir. 2004) (district court did not err in denying motion to disqualify under § 144 where movant presented no evidence that judge harbored a personal bias or prejudice either against him or in favor of any adverse party). Plaintiffs' motion for recusal is **denied**.

Plaintiffs' multi-faceted filing is also framed as a "Motion or Notice to Appeal." The *Pro Se* Litigant Guide furnished to plaintiffs in connection with their many lawsuits filed in this District Court outlines the appropriate procedures for appealing. In particular, Section II.G. of that Guide reflects that "If you file a notice of appeal, you will be required to pay a filing fee of [$455] with the District Court unless you are permitted to proceed *in forma pauperis*. If you wish to proceed *in forma pauperis* for purposes of the appeal, then at the time of filing your notice of appeal, you must also file an application to proceed *in forma pauperis* on appeal." Plaintiffs have neither paid the requisite filing fee, nor filed an IFP application with respect to this Notice of Appeal. The Notice of Appeal cannot be processed until the above requirements have been satisfied. Accordingly, if they wish to move forward with their appeal, plaintiffs are **ordered**, on or before **November 27, 2006**, to remit the requisite $455 appellate filing fee or to submit a petition for IFP status on appeal.

DONE and ORDERED this 8th day of November, 2006.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE